**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1648
_____

EMEKA F. UFELE,
                                        Appellant

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL; SCOTT WEBER,
Director, United States Immigration and Customs Enforcement (ICE), Office of
Detention and Removal Operations (DRO); ROY HENDRICKS, Warden Of The Essex
County Coor. Fac.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-03440)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2012

Before:  JORDAN, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 30, 2012)
_____

OPINION
_____

PER CURIAM

        Emeka Ufele, proceeding pro se and in forma pauperis, appeals from the District

Court's order denying his 28 U.S.C. § 2241 petition.  For the following reasons, we will

affirm the District Court's decision to the extent that it dismissed Ufele's challenge to his removal proceedings. We will dismiss the remainder of the appeal as moot.

I.

Ufele is a Nigerian citizen who in 2004 was convicted of conspiracy/theft by deception in the New Jersey Superior Court. In October 2009, Ufele was convicted of two counts of bank fraud in the United States District Court for the Southern District of New York. Meanwhile, in October 2008, immigration officials charged him with inadmissibility/removability under 8 U.S.C. § 1227(a)(2)(C)(i), based on the 2004 state conviction. On October 22, 2008, an administrative arrest warrant was issued, and a detainer was placed on Ufele while he was in the Hudson County Jail. On that date, a "notice of custody determination" was issued, stating that Ufele would be detained in the custody of the Department of Homeland Security until a final determination in his removal proceedings. Then, upon Ufele's federal conviction, immigration officials issued another detainer and began formal removal proceedings.

In July 2010, Ufele filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in the United States District Court for the District of New Jersey. He asserted that his immigration detention violated his due process rights and that the removal proceedings violated an agreement that he made with the federal prosecutor during his federal criminal proceedings. While his § 2241 petition was pending, an Immigration Judge ("IJ") denied Ufele's request for a change in custody status, noting that he was in

"mandatory custody." On February 3, 2011, the District Court denied Ufele's petition. Ufele timely appealed.

Meanwhile, on May 9, 2011, an IJ ordered Ufele removed and on September 16, 2011, the Board of Immigration Appeals ("BIA") dismissed Ufele's appeal from the IJ's order and issued a final order of removal.[1] The Government notified us that upon the issuance of a final order of removal, the authority for Ufele's detention switched from 8 U.S.C. § 1226 to 8 U.S.C. § 1331. We asked the parties to address whether this development made moot Ufele's challenge to his 8 U.S.C. § 1226 detention. The Government responded by arguing that the appeal was moot. Ufele's response asserted that the length of his detention remains a viable issue.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the District Court's decision as to Ufele's habeas corpus petition. See United States v. Cleary, 46 F.3d 307, 309-10 (3d Cir. 1995).

We first consider whether Ufele's challenge to the propriety of his 8 U.S.C. § 1226 detention is moot. Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. Demore v. Kim, 538 U.S. 510, 517-18 (2003). Ufele's § 2241 petition alleged that his two-year mandatory detention under 8 U.S.C. § 1226(c) violated his constitutional rights. The District Court denied his petition and Ufele timely appealed.

---

[1] Our records do not indicate that Ufele has sought review of the BIA's order of removal.

However, while Ufele's appeal was pending, the BIA issued a final order of removal. When Ufele's time to file a petition for review expired, the BIA's order became administratively final and Ufele's detention switched from § 1226 to § 1231. See Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942, 947 (9th Cir. 2008); 8 C.F.R. § 1241.1(a).

Accordingly, insofar as Ufele challenges the lawfulness of his detention pursuant to § 1226(c), and he is no longer in custody pursuant to this statute, his appeal is moot and must be dismissed for lack of jurisdiction. Article III of the Constitution states that "federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Here, the injury alleged is an unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226. Because this injury can no longer be redressed by a favorable judicial decision, this issue is moot.[2] See Isidor Paiewonsky Assocs., Inc. v. Sharp Properties, Inc., 998 F.2d 145, 151 (3d Cir. 1993) (internal quotation and citation omitted).

---

[2] We note that Ufele's situation is distinguishable from that of the petitioner in Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011). In Diop, we held that a challenge to an 8 U.S.C. § 1226(c) detention was not moot even though the petitioner had been released from custody after determining that the challenge fell within the "special mootness exception for cases that are capable of repetition while evading review." 656 F.3d at 227 (internal citation and quotation omitted). However, unlike Ufele, Diop was not subject to a final order of removal and had been released from detention after his criminal conviction was vacated. We thus explained that Diop's claim was capable of repetition because the Government could once again detain him under § 1226(c) if the vacatur of his conviction was overturned on appeal. Id. at 228.

4

Additionally, we agree with the District Court to the extent that it dismissed Ufele's challenges to his removal proceedings for lack of jurisdiction, as the REAL ID Act "eliminate[ed] the district courts' habeas corpus jurisdiction . . . over final orders of removal in nearly all cases." <u>Francois v. Gonzales</u>, 448 F.3d 645, 647 (3d Cir. 2006).

Thus, we will affirm the District Court's decision to the limited extent that it dismissed Ufele's challenge to his removal proceedings. We will dismiss the remainder of the appeal as moot. Ufele's motion for appointment of counsel is denied.